SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

JUDY CHOI,

                                  Plaintiffs,

-against-

DANIEL WARRINGTON and BEST TRAILS INC,

                                  Defendants.

---

Filed:_____

INDEX NO.

Plaintiffs designate Queens County as the place of trial.

**S U M M O N S**

The basis of venue is Defendant's residence:
89-15 Parsons Boulevard
Jamaica, New York 11432

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated:    Astoria, New York
           July 21, 2020

_____
U. William Sung, Esq.
SACCO & FILLAS, LLP
Attorneys for Plaintiffs
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File#: 23684-20

DANIEL WARRINGTON
89-15 Parsons Boulevard
Jamaica, New York 11432

BEST TRAILS INC.
680 Route 211 East
Middletown, New York 10941

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

JUDY CHOI,

             Plaintiffs,

-against-

DANIEL WARRINGTON and BEST TRAILS INC,

             Defendants.

---

INDEX NO.

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, SACCO & FILLAS, LLP, as and for their Verified Complaint, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, JUDY CHOI, at all times herein mentioned was and still is a resident of the County of Bergen and the State of New Jersey.

2. The defendant, DANIEL WARRINGTON, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

3. The defendant, BEST TRAILS INC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Orange and the State of New York.

4. The defendant, BEST TRAILS INC, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

5. The defendant, BEST TRAILS INC, at all times herein mentioned conducted and carried on business in the County of Orange and the State of New York.

6. The defendant, BEST TRAILS INC, at all times herein mentioned was and still is a partnership doing business in the County of Orange and the State of New York.

7. The defendant, BEST TRAILS INC, at all times herein mentioned was and still is a limited liability partnership doing business in the County of Orange and the State of New York.

8. The defendant, BEST TRAILS INC, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Orange and the State of New York.

9. The defendant, BEST TRAILS INC, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Orange and the State of New York.

10. The defendant, BEST TRAILS INC, at all times herein mentioned, transacted business within the State of New York.

11. The defendant, BEST TRAILS INC, at all times herein mentioned, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

12. The defendant, BEST TRAILS INC, at all times herein mentioned, derived substantial revenue from interstate or international commerce.

13. The defendant, BEST TRAILS INC, at all times herein mentioned, expected or should reasonably have expected its acts to have consequences in the State of New York.

14. On or about January 17, 2020, plaintiff, JUDY CHOI, was the owner of a certain motor vehicle bearing New Jersey State license plate number U20MBD.

2

15. On or about January 17, 2020, plaintiff, JUDY CHOI, was the operator of a certain motor vehicle bearing New Jersey State license plate number U20MBD.

16. On or about January 17, 2020, defendant, BEST TRAILS INC, was the registered owner of a certain motor vehicle, bearing New York State license plate number 49172PC.

17. On or about January 17, 2020, defendant, BEST TRAILS INC, was the titled owner of a certain motor vehicle, bearing New York State license plate number 49172PC.

18. On or about January 17, 2020, defendant, BEST TRAILS INC, was the lessee of a certain motor vehicle, bearing New York State license plate number 49172PC.

19. On or about January 17, 2020, defendant, BEST TRAILS INC, was the lessor of a certain motor vehicle, bearing New York State license plate number 49172PC.

20. On or about January 17, 2020, defendant, BEST TRAILS INC, maintained a certain motor vehicle, bearing New York State license plate number 49172PC.

21. On or about January 17, 2020, defendant, BEST TRAILS INC, controlled a certain motor vehicle, bearing New York State license plate number 49172PC.

22. On or about January 17, 2020, defendant, DANIEL WARRINGTON, was the operator of a certain motor vehicle, bearing New York State license plate number 49172PC.

23. On or about January 17, 2020, the motor vehicle bearing New York State license plate number 49172PC was being operated by defendant, DANIEL WARRINGTON, with the express knowledge, consent and/or on the business of its owner.

24. On or about January 17, 2020, the motor vehicle operated by the defendant, DANIEL WARRINGTON, came in contact with the motor vehicle being operated by the

3

plaintiff, JUDY CHOI, at or about the intersection of Route 4 West and Spring Valley Road, in the County of Bergen, State of New Jersey.

25. Solely as a result of the defendants' negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

26. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of the plaintiff.

27. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

28. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

29. Due to defendants' negligence, plaintiff, JUDY CHOI, is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff, JUDY CHOI, repeats and realleges each and every allegation contained in paragraphs numbered "1" through "29" of the Complaint as if fully set forth at length herein.

31. On or about January 17, 2020, the defendant, BEST TRAILS INC, negligently entrusted its motor vehicle to the defendant, DANIEL WARRINGTON, who the defendant,

4

SACCO & FILLAS, LLP

BEST TRAILS INC, knew or should have known was incompetent and untrained to operate the motor vehicle belonging to the defendant, BEST TRAILS INC

32. Due to the defendants' negligence, plaintiff, JUDY CHOI, is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

33. Plaintiff, JUDY CHOI, repeats and realleges each and every allegation contained in paragraphs numbered "1" through "32" of the Complaint as if fully set forth at length herein.

34. By reason of the foregoing, the plaintiff JUDY CHOI's motor vehicle was damages, thereby necessitating repairs and/or the replacement thereof.

35. Due to defendant's negligence, plaintiff, JUDY CHOI is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demand:

a. Judgment awarding damages on the first cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

b. Judgment awarding damages on the second cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

5

SACCO & FILLAS, LLP

      c. Judgment awarding damages on the third cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

      d. Interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated:    Astoria, New York
            July 21, 2020

By: J. William Sung, Esq.
**SACCO & FILLAS, LLP**
Attorneys for Plaintiffs
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File No.: 23684-20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

JUDY CHOI,

             Plaintiffs,

-against-

DANIEL WARRINGTON and BEST TRAILS INC,

             Defendants.

---

INDEX NO.

**ATTORNEY VERIFICATION**

  U. William Sung, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

  I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiffs.

  I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

  This verification is made by affirmant and not by plaintiffs because they are not in the County of Queens, which is the County where your affirmant maintains offices.

  The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiffs, information contained in the said plaintiffs' file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated:  Astoria, New York
     July 21, 2020

            U. WILLIAM SUNG

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
                            Index No.

---

JUDY CHOI,

                            Plaintiffs,

  -against-

DANIEL WARRINGTON and BEST TRAILS INC,

                            Defendants.

---

## SUMMONS and VERIFIED COMPLAINT

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: July 21, 2020                             Signature: _____
                                                                   U. William Sung, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiffs
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File#: 23684-20